***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Phillips and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties. The Full Commission affirms the Opinion and Award of Deputy Commissioner Phillips and enters the following Opinion and Award:
 ***********
The following were submitted to the Deputy Commissioner as: *Page 2 
 EXHIBITS
1. Plaintiff's Ex.#1: Medical Records and bills
2. Plaintiff's Ex.#2: EMS Invoice
3. Plaintiff's Ex.#3: Medical Note for Physician
4. Plaintiff's Ex.#4: Photos
5. Plaintiff's Ex.#5: Paycheck Stubs
6. Defendant Isurity's Ex. #1: Declaration Page
7. Defendant Isurity's Ex. #2: Isurity Cancellation Notice
8. Defendant Isurity's Ex. #3: Return Receipt 5/16/08
9. Defendant Isurity's Ex. #4: Letter
10. Defendant Isurity's Ex. #5: Check from Welbuilt Homes
11. Defendant Isurity's Ex. #6: Notice of Cancellation 6/8/08
12. Defendant Isurity's Ex. #7: Return of Premium Check
13. Defendant Isurity's Ex. #8: Letter
14. Defendant Isurity's Ex. #9: Certified Envelope
15. Defendant Isurity's Ex. #10: Email concerning Check Posting
16. Defendant Isurity's Ex. #11: Application from DOI
17. Defendant Isurity's Ex. #12: Written Response from Director of Underwriting
18. Defendant Isurity's Ex. #13: Activity Log
19. Defendant Isurity's Ex. #14: Email concerning Reinstatement
20. Defendant Isurity's Ex. #15: Email
21. State's Ex. #1: ESC Records
22. State's Ex. #2: Log Notes regarding Employer *Page 3 
 ***********
As set forth in Deputy Commissioner Phillips' March 28, 2011 Opinion and Award, the Full Commission addresses the following:
 ISSUE
1. Whether iSurity properly cancelled its insurance coverage with defendant-employer, Welbuilt Homes, Inc. d/b/a W.H.I. Sand Gravel?
 ***********
Based upon the preponderance of the evidence from the entire record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff filed this claim seeking to recover benefits from an injury he allegedly sustained while at work on August 23, 2008.
2. On or about August 23, 2008, plaintiff was employed by Welbuilt Homes, Inc. d/b/a W.H.I. Sand Gravel.
3. iSurity Insurance Services, through the North Carolina Mutual Employer's Fund, issued a policy of insurance to Welbuilt Homes, Inc. d/b/a W.H.I. Sand Gravel with an effective date of August 21, 2007, through August 21, 2008.
4. Defendant-employer, Welbuilt Homes, Inc. d/b/a W.H.I. Sand Gravel, was required to make installment payments for the annual workers' compensation premium. The initial down payment for the policy was due September 1, 2007, and was made by defendant-employer on September 4, 2007. Thereafter, a payment was due on October 1, 2007, which was made October 15, 2007. Thereafter, defendant-employer consistently made late payments to include a payment made on November 29, 2007, December 31, 2007, February 5, 2008; and the *Page 4 
payment due on February 1, 2008 was made February 13, 2008. The payment due on March 1, 2008, was made March 14, 2008, and the payment due on April 1, 2008, was made April 18, 2008.
5. During the course of the policy coverage period, iSurity Insurance Services sent notices of cancellation for nonpayment of premium. However, on each of those occasions, defendant-employer issued payment of the premium prior to the cancellation of coverage.
6. A subsequent premium payment was due on May 1, 2008. That payment was not received on a timely basis and iSurity mailed a notice of cancellation of the policy on May 14, 2008. The notice was sent to the insured at the address provided on the declaration's page for the policy and was sent certified mail receipt requested.
7. Mr. Bullock, President for defendant-employer, signed for the notice of cancellation on May 16, 2008. The notice of cancellation sent by iSurity Insurance Services advised that the policy would cancel effective June 2, 2008, at 12:01 a.m.
8. During the day on June 2, 2008, and after the time and date for the policy cancellation, Mr. Bullock had a conversation with Tonya Dellacona, an Underwriter for iSurity, and advised that he had mailed the check on May 31, 2008, for his premium. Ms. Dellacona advised Mr. Bullock that if the check was in fact mailed as indicated, with a postmark of May 31, 2008, and was received by iSurity within the next couple of days, the policy would not cancel.
9. On June 9, 2008, defendant-carrier had not received a premium payment from defendant-employer. Accordingly, iSurity Insurance Services issued a notice of cancellation letter to defendant-employer advising that the policy had been canceled.
10. On June 10, 2008, iSurity Insurance Services received a premium check from defendant-employer. The premium check was not accepted by iSurity due to the cancellation of *Page 5 
the policy and was returned to Welbuilt Homes, Inc., with confirmation that the policy had been canceled.
11. Subsequent to the notice of cancellation, a representative of Wade Dunbar Insurance Agency, the company placing the policy with iSurity Insurance Services for Welbuilt Homes, Inc., sent Welbuilt Homes, Inc., a fax advising that the policy had canceled. Ann Hooker, an agent with Wade Dunbar Insurance Agency, met with Mr. Bullock of Welbuilt Homes, Inc. on August 6, 2008, and again advised that the policy was canceled.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Defendant-carrier, iSurity Insurance Services properly canceled defendant-employer's, Welbuilt Homes, Inc. d/b/a W.H.I. Sand Gravel, workers' compensation policy pursuant to N.C. Gen. Stat. § 58-36-105 (b), by sending the notice of cancellation to defendant-employer via certified mail, return receipt requested. Said notice was received and signed by defendant-employer more than 15 days prior to the notice of cancellation.
2. The cancellation was proper, effective, and in compliance with N.C. Gen. Stat. § 58-36-105 (b) and therefore, there was no coverage for defendant-employer, Welbuilt Homes, Inc. d/b/a W.H.I. Sand Gravel, on the date of plaintiff's alleged injury of August 23, 2008.
3. Defendant-employer's, Welbuilt Homes, Inc. d/b/a W.H.I. Sand Gravel, attempted payment of the May 1, 2008 premium was not timely and therefore did not require reinstatement of the policy of insurance.
 *********** *Page 6 
Based upon the foregoing stipulations, findings of fact, and conclusions of law the Full Commission makes the following:
 ORDER
1. Plaintiff's claim for benefits against defendant-carrier, iSurity Insurance Services, arising out of an incident on August 23, 2008, is hereby DENIED.
2. Each side shall bear its own costs.
This the 14th day of November, 2011.
 S/___________________ DANNY LEE McDONALD COMMISSIONER
 CONCURRING: S/_____________ PAMELA T. YOUNG cCHAIR
 S/_____________ CHRISTOPHER SCOTT COMMISSIONER *Page 1